UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CHILEAN SEA BASS INC., )<br>　　Plaintiff, )<br>　　 )<br>　v. )<br>　　 )<br>KENDELL SEAFOOD IMPORTS, )<br>INC., )<br>　　Defendant. )<br>　　 ) | C.A. No. 21-337-JJM-LDA |

ORDER

Plaintiff Chilean Sea Bass Inc. ("CSB") moves to amend the Court's judgment under Fed. R. Civ. P. 59(e) to collect prejudgment interest from Defendant Kendell Seafood Imports, Inc. ("Kendell"). ECF No. 83. The Court held that Kendell breached its contract and awarded CSB $575,496.50 "plus costs and interest." The Court made no finding on the timing of breach or accrual of damages.[1] ECF Nos. 81 and 82.

CSB argues that because Kendell traditionally paid on delivery, interest should run from the date of the final shipment (May 9, 2020). ECF No. 83. Kendell argues that CSB failed to prove the date of the breach, so no interest can be calculated, and nothing is owed.[2] ECF No. 85. Because CSB failed to prove the date

---

[1] Given the haziness of the record and limited caselaw on the United Nations Convention on Contracts for the International Sale of Goods, the Court withheld judgment so the parties could brief the relevant facts and law. The parties have done so, and the Court is now better equipped to evaluate these issues.

[2] Kendell also argues that Rule 59(e) is an inappropriate vehicle for prejudgment interest and moves to strike CSB's affidavit as untimely. ECF Nos. 85 and 86. The Court disagrees and finds CSB's motion to be proper under Rule 59(e). *Crowe v. Bolduc*, 365 F.3d 86, 92-93 (1st Cir. 2004); *TG Plastics Trading Co. v. Toray*

on which its damages accrued, the Court finds that prejudgment interest should run from August 16, 2021, the date the Complaint was filed. ECF No. 1.

## I. RELEVANT FINDINGS

This case is governed by the United Nations Convention on Contracts for the International Sale of Goods ("CISG"). The Court held that CSB has a right to interest under Article 78 of the CISG, but stated in a footnote:

> The CISG does not provide a method for determining the rate, and choice-of-law reveals competing options under U.S. law. *Chicago Prime Packers, Inc. v. Northam Food Trading Co.*, 320 F. Supp. 2d 702, 715-16 (N.D. Ill. 2004), *aff'd*, 408 F.3d 894 (7th Cir. 2005). Under federal law, the interest rate is at the discretion of the factfinder. *Robinson v. Pocahontas, Inc.*, 477 F.2d 1048, 1052-53 (1st Cir. 1973). Absent treaty language, statutory guidance, or applicable common law, the Court applies the forum's twelve percent rate. R.I. Gen. Laws Ann. § 9-21-10.

ECF No. 81. R.I. Gen. Laws § 9-21-10 provides for pre- and post-judgment interest at a rate of twelve percent per year "from the date the cause of action accrued."

The question is when the cause of action accrued. The Court, sitting as the finder of fact, found: (1) Kendell entered a valid contract to buy CSB's entire catch in early 2020; (2) CSB's agent validly modified the contract (giving Kendell a price break) in March 2020; (3) CSB delivered the fish; and (4) Kendell did not pay the modified price. ECF No. 81. Because Kendell failed to pay its modified balance at the time of the lawsuit (August 2021), there was no need to make a finding on the timing of breach or accrual of damages.

---

*Plastics (Am.), Inc.*, C.A. No. 9-336-M, 2014 WL 11397795, at *1 (D.R.I. Mar. 3, 2014). For the reasons stated in this order, the Court does not find Mr. Celle's affidavit to be dispositive and dismisses Kendell's cross-motion as moot. ECF No. 86.

CSB argues the price was modified but the payment term remained unchanged, so the breach should run from the date of delivery. ECF No. 83. The Court found that under the original terms, Kendell owed 50% upfront and 50% on delivery. ECF No. 81 at 6. The Court made no specific finding on whether this term was modified but noted that CSB accepted partial payments throughout 2020 and did not reach out directly to Kendell to demand payment until March 2021. *Id.* at 11.

## II. DISCUSSION

R.I. Gen. Laws § 9-21-10 aims to promote early settlement and compensate the prevailing party. *Martin v. Lumberman's Mut. Cas. Co.*, 559 A.2d 1028, 1031 (R.I. 1989). With these goals in mind, the Rhode Island Supreme Court has held that prejudgment interest accrues from the date the Plaintiff "actually began to suffer damages." *Buckley v. Brown Plastics Mach., LLC*, 368 F. Supp. 2d 167, 170 (D.R.I. 2005) (citing *Blue Ribbon Beef Co. v. Napolitano*, 696 A.2d 1225, 1229 (R.I.1997); *Jolicoeur Furniture Co. v. Baldelli*, 653 A.2d 740, 755 (R.I.1995); *Miller v. Dixon Indus. Corp.*, 513 A.2d 597, 602–03 (R.I.1986)). "[T]he point at which the contract is breached is not *per se* the point of accrual for prejudgment interest." *Buckley*, 368 F. Supp. 2d at 170. Prejudgment interest accrues "from the point at which [the Plaintiff] was entitled to his money, and did not receive it." *Id.* at 171.

CSB's new evidence—stipulating that the final delivery was May 9, 2020—does little to clarify when damages began to accrue. The issue is not what CSB was owed under the original agreement, but when it expected to be paid under the March

3

2020 modification.³ Both Kendell and the agent testified that this was a provisional agreement made under emergency circumstances. ECF No. 76 at 57-58; Grimaldi Dep. 41-44, Feb. 14, 2024. The Court also found that CSB knew about the proposed modification, failed to object, and continued to rely on its agent to communicate with Kendell. ECF No. 81 at 22-23. CSB accepted partial payments through 2020 and did not assert its rights until March 2021. *Id.* at 11-12. It would contradict the evidence—and frustrate the goals of R.I. Gen. Laws § 9-21-10—to hold that CSB's damages run from May 9, 2020, when CSB acquiesced to late payments for a year.⁴

The Court cannot say, on this record, when CSB was "entitled to [its] money." *Buckley*, 368 F. Supp. 2d at 171. Courts have adopted the "time of filing" approach when it is impossible (or impractical) to set a date of damages, reasoning that the lawsuit is a clear demand for performance. *Id.* at 171-73 (citing *Fratus v. Republic W. Ins. Co.,* 147 F.3d 25, 30 n.6 (1st Cir. 1998)). "By setting the point of accrual for prejudgment interest at the date of filing, plaintiffs are discouraged from dragging their feet to the courthouse in hopes of increasing their judgment by application of the generous 12% interest rate. At the same time, the defendant's incentive to settle is maintained." *Id.* at 173. This reflects the Court's original finding: that at the time of the lawsuit, Kendell was in breach and owed CSB damages. ECF No. 81.

---

³ This case is distinguishable from *Congelados del Cibao v. 3 Kids Corp*, which held that in the absence of an agreement, damages under the CISG accrue from the date of delivery. No. 19-CV-7596 (LJL), 2022 WL 3653060, at *3 (S.D.N.Y. July 22, 2022). Here, there was an agreement, and it was validly modified by CSB's agent.

⁴ Even if this were not true, CSB has not shown that late payment amounts to a "fundamental breach" under Article 25 of the CISG.

4

III. **CONCLUSION**

The Court does not doubt Kendell's delay caused CSB damages—but CSB has the burden to prove when, specifically, they accrued. Without clear dates, the Court adopts the "time of filing" approach and holds that prejudgment interest runs from August 16, 2021 (the date the Complaint was filed) to May 22, 2024 (the date of judgment). *Buckley*, 368 F. Supp. 2d at 172-73. The Court ORDERS as follows:

1. Plaintiff's Motion to Amend Judgment is GRANTED. ECF No. 83.
2. Defendant's Cross-Motion to Strike is DENIED AS MOOT. ECF No. 86.
3. Prejudgment interest shall be calculated at twelve percent per year from August 16, 2021, to May 22, 2024. Post-judgment interest shall be calculated at the same rate and shall accrue on both the principal amount and the prejudgment interest, consistent with R.I. Gen. Laws § 9-21-10.
4. Plaintiff shall submit a proposed form of judgment consistent with this Order.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
Chief Judge
United States District Court

August 19, 2024